UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

DAMIEN FORD                          CIVIL ACTION NO. 16-cv-1608

VERSUS                               JUDGE FOOTE

JOE DOE                              MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

**Introduction**

Damien Ford ("Plaintiff") is a self-represented prisoner who is housed in an Arkansas prison.  He commenced this action by completing a civil rights complaint form and filing it with an Arkansas federal court.  The complaint alleged that Shreveport television station KTBS and its employees published a false and defamatory story about Plaintiff.  The Arkansas court transferred venue to this court.  After conducting an initial review of the complaint, it is recommended that the complaint be dismissed because (1) all state law claims are untimely and (2) KTBS and its employees are not state actors against whom a claim may be asserted under 42 U.S.C. § 1983.

**Screening and Untimeliness**

Plaintiff is proceeding in forma pauperis, so his complaint is subject to review under 28 U.S.C. § 1915.  In pauper cases, the district court "shall dismiss the case at any time if the court determines that" the complaint is "(I) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is

immune from such relief."  28 U.S.C. § 1915(e)(2).  A complaint is frivolous if it lacks an arguable basis in law or fact.  Harper v. Showers, 174 F.3d 716, 718 (5th Cir. 1999).

A claim that is time barred is properly dismissed as frivolous under Section 1915(e)(2)(B)(I).  Gonzalez v. Wyatt, 157 F.3d 1016, 1019-20 (5th Cir. 1998); Juarez v. Anderson, 598 Fed. Appx. 297, 298 (5th Cir. 2015).  District courts may raise the defense of limitations sua sponte in an action under Section 1915, Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993), but the court must afford the plaintiff fair notice and an opportunity to present her position.  Day v. McDonough, 126 S.Ct. 1675 (2006).  This Report and Recommendation provides Plaintiff with sufficient notice of and opportunity to respond to the possible dismissal of his case.  See Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998) (sua sponte invocation of defense in Report and Recommendation satisfied due process).Cloud 9 Café & Catering

**Libel/Defamation Claims**

Plaintiff alleges that on July 12, 2012 he was charged in Arkansas with first-degree battery, second-degree battery and aggravated assault.  The charges were in connection with an incident that occurred several weeks earlier when a child appeared to have been subjected to child abuse, and the child later died at his mother's Texarkana area apartment.

Plaintiff complains that KTBS Channel 3 published a news report that began with the headline, "Two Charged in Toddler's Death."  The article stated that a Texarkana man, Plaintiff, had been charged with causing the death of a toddler and the mother let it happened.

The article went on to specify the battery and assault charges and stated that the cause of death of the child was still undetermined.  Plaintiff alleges that the article was false and defamatory because it asserted he was charged with the toddler's death, when he was charged only with assault and battery, and the article admitted that the cause of the child's death was undetermined.

Plaintiff's complaint attaches a copy of the KTBS article that was published on the stations website.  The article does not have a publication date on it, but its context indicates that it was published soon after the criminal charges were instituted in July 2012.  For example, it states that the two persons charged were in jail and still awaiting a court appearance to determine if bond would be set. Plaintiff did not commence this civil action until he mailed his complaint to the Arkansas federal court in October 2016, which was more than four years after the time of publication.

Plaintiff's complaint states at the end that he asserts claims are for libel and defamation of character, and Plaintiff refers to an unspecified Arkansas statute.  There are two types of defamation cases under Arkansas law: (1) slander, which is for untrue spoken words; and (2) libel, which is for untrue written words.  Patel v. Peoples, 2010 WL 1780650 (E.D. Ark. 2010), citing Dodson v. Allstate Ins. Co., 231 S.W.3d 711, 716 (Ark. 2006) and Northport Health Serv, Inc. v. Owens, 158 S.W.3d 164, 171 (Ark. 2004).   The statute of limitations for spoken words claims is one year, and the limitations period for actions based on written libel is three years.  Ark. Code Ann. § 16–56–105(5) (providing that a three-year

limitations period applies to "actions for libel"); Ark. Code Ann. § 16–56–104(3) (providing that a one-year statute of limitations period applies to "actions for words spoken slandering the character of another"). <u>Wolfe v. Fayetteville School Dist.</u>, 600 F.Supp.2d 1011, 1024 (W.D. Ark. 2009).

The complaint and exhibits indicate that the KTBS article was published in approximately July 2012.  Plaintiff did not commence this civil action until he mailed his complaint to the Arkansas federal court in October 2016, which was more than four years after the publication date.  Accordingly, Plaintiff's action for libel or defamation under Arkansas law is untimely.  If Plaintiff attempted to assert his claim under Louisiana law, it would also be untimely under the one-year prescriptive period that applies to Louisiana defamation claims.  <u>Doughty v. Cummings</u>, 28 So.3rd 580, 584 (La. App. 2nd Cir. 2009) ("Claims for defamation are delictual in nature and are subject to La. C.C. art. 3492's one-year prescriptive period, which commences to run from the day injury or damage is sustained.").  All facts in the complaint indicate that the defamation claim is untimely, so it is recommended it be dismissed.

**Section 1983 Claim**

Plaintiff's complaint is filed on a form provided to prisoners for use in filing complaints under 42 U.S.C. § 1983.  The amended complaint (Doc. 10) that Plaintiff filed with this court after transfer is on a similar form and invokes the Eighth and Fourteenth Amendments in connection with the libel and slander claims.

Section 1983 provides a remedy for the deprivation of a constitutional right by a state actor or someone acting under color of state law.  Lugar v. Edmondson Oil Co., 102 S.Ct. 2744 (1982).  KTBS is a privately owned television station, not a state actor or agency, so no Section 1983 claim could lie against it or its reporters.  See Lavergne v. Dateline NBC, 597 Fed. Appx. 760 (5th Cir. 2015) (NBC was not a state actor but rather a private broadcasting corporation so not subject to Section 1983 claim); Payne v. City of Mobile Police Dep't, 2015 WL 9703356, *3 (S.D. Ala. 2015) (holding "Fox 10 News is not a state actor," and collecting similar cases).  There is, therefore, no basis for a claim under 42 U.S.C. § 1983.

Accordingly,

**IT IS RECOMMENDED** that this civil action be **dismissed with prejudice** because (1) all asserted state law claims are untimely and (2) Plaintiff has not stated a claim under 42 U.S.C. § 1983 on which relief may be granted.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Counsel

are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 24th day of January, 2017.

Mark L. Hornsby
U.S. Magistrate Judge